IN THE UNITED STATES DISTRICT COURT FOR THE
EASTERN DISTRICT OF VIRGINIA

Alexandria Division

| | |
|---|---|
| ROBERT L. MARTIN ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| v. ) | 1:06cv1123(JCC) |
| ) | |
| ARMY BOARD FOR CORRECTION OF ) | |
| MILITARY RECORDS, *et. al.*, ) | |
| ) | |
| Defendants. ) | |

## **M E M O R A N D U M   O P I N I O N**

This matter is before the Court on Defendants' motion for summary judgment on the administrative record. For the following reasons, the Court will grant Defendants' motion.

### **I. Background**

Plaintiff Robert L. Martin, an attorney in the Florida Army National Guard ("FL ARNG"), brings this action under the Administrative Procedure Act ("APA"), 5 U.S.C. § 701, et. seq., and the Tucker Act, 28 U.S.C. § 1346(a)(2), challenging a decision of the Army Board for Correction of Military Records ("ABCMR"). This action arises from Defendants' alleged failure to notify Plaintiff of his eligibility for promotion through the position vacancy process, his subsequent promotion through a formal board selection, and alleged prejudice that resulted from

these events.[1]  Plaintiff seeks a reversal of an August 31, 2006 ABCMR decision denying reconsideration of his petition for rank adjustment as well as declaratory judgment adjusting his military rank and damages resulting from alleged delays in his promotions. The facts, as alleged by Plaintiff are as follows:

On May 18, 2000 Plaintiff was commissioned a first lieutenant, U.S. Army Judge Advocate General's Corps ("JAG") for the Florida National Guard, with a date of rank of May 18, 1999. In 2001, Plaintiff sent a written request waiving the resident phase of the Judge Advocate Officer Basic Course ("JAOBC") based on prior military experience, and completed his remaining requirements in February 2002.  Plaintiff's request was not forwarded to the approving authority of the JAG School until June 19, 2002.  Plaintiff formally completed the JAOBC when the waiver was approved on July 21, 2002, and accordingly became eligible for promotion to the rank of captain.  However, because the JAG School failed to notify Plaintiff or the FL ARNG of the diploma's issuance, neither was aware of Plaintiff's eligibility for promotion on July 21, 2002.  After what was perceived as an abnormally long processing time, Plaintiff's superior, Major

---

[1] Members of the FL ARNG may be promoted by either a position vacancy selection when there is a vacancy at a higher grade, or approval by a mandatory Department of Army promotion board.  If selected for promotion by a mandatory selection board, the board results must be approved by the President of the United States.  While Plaintiff was promoted through a mandatory board, the claim relates to procedural delays that prevented him from being promoted through position vacancy selection.

Edward J. O'Sheehan ("O'Sheehan"), contacted the school on or about the week of August 20-24, 2002 and learned of the July 21, 2002 completion date.

In June 2002, prior to the processing of his waiver, Plaintiff was notified that he would be considered by a mandatory promotion board convening in November 2002. At that time, FL ARNG officers could not receive promotions through a position vacancy board within sixty days of being considered by a mandatory board. Accordingly, Plaintiff's selection for promotion review by the mandatory board in November precluded his eligibility for a position vacancy promotion, and Plaintiff was not promoted through the position vacancy process. Instead, he was considered and selected for promotion to Captain by the board that convened November 4, 2002 and recessed on November 27, 2002. Presidential approval was granted on March 17, 2003, and the National Guard Bureau was notified of Plaintiff's promotion on April 17, 2003. Plaintiff was then promoted to the rank of captain on March 15, 2004.

On April 1, 2004, Plaintiff filed an application with the ABCMR requesting adjustment of his promotion date to July 21, 2002, or "the earliest appropriate date, as determined by this board." (A.R. at 46). Plaintiff requested adjustment on the grounds that, had the Army JAG School sent the diploma when issued or otherwise notified Plaintiff of the FL ARNG, he would

have been immediately promoted through the position vacancy process on July 21, 2002, rather than through the more time consuming and bureaucratic mandatory board process. Plaintiff offered affidavits from Major Edward O'Sheehan ("O'Sheehan"), Colonel Richard B. Davis, Jr. ("Davis"), Colonel Daniel Taylor, and Major General Douglas Burnett supporting this assertion. The Board obtained an Advisory Opinion from the Chief of the Personnel Division for the National Guard Bureau in Arlington, VA, which also recommended an adjustment of rank to July 21, 2002.

The 2004 ABCMR considered Plaintiff's application, evidence, and personnel records and determined that Plaintiff was entitled to partial relief. (A.R. at 41-45). The Board did not adjust Plaintiff's rank to July 21, 2002 as requested, but granted partial relief and ordered adjustment from March 15, 2004 to July 17, 2003, as well as back pay and allowances to account for the delays that occurred in processing the promotion through the mandatory board process. The Board indicated that the July date was appropriate, because the promotion list was released April 16, 2003 and normal processing takes three months from the date of release to completion. As basis for this opinion, the ABCMR referenced Army Regulation 600-8-29 as the applicable regulation to Plaintiff's promotion.

On November 1, 2005, Plaintiff moved for

reconsideration of the 2004 ruling, again asking for adjustment to July 21, 2002 for delays which prevented his promotion through the position vacancy process.  On August 31, 2006, the Board denied reconsideration on the grounds that: (1) Plaintiff was never actually considered for promotion by a position vacancy board; (2) Plaintiff did not provide evidence or documentation that he would have been approved for promotion by a position vacancy board; (3) the various affidavits indicating that he *would have been promoted* are speculative.  (A.R. 7-8).  The Opinion included descriptions of Army Regulations 135-155 and 160-8-29, the regulations applicable to promotion by mandatory board, but did not include a description of National Guard Regulation 600-100, the regulation applicable to vacancy promotions.  Having exhausted his administrative remedies, Plaintiff filed action in this Court for Declaratory Relief and Damages.  On January 3, 2007, Defendants filed a motion for summary judgment on the administrative record.  This motion is currently before the Court.

## II. Standard of Review

A.  Administrative Procedures Act

This case is governed by the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 701-06.  Under the APA, courts may overturn the Board's decision only if it was arbitrary, capricious, an abuse of discretion, or otherwise not in

5

accordance with law. *Id.* at § 706(2)(A). *See also, Voge v. Secretary of the Navy,* No. 93-2346, slip op. at 3, 1994 WL 474837, at *1 (4th Cir. Sept. 2, 1994) (unpublished); *Mickens v. United States,* 760 F.2d 539, 541 (4th Cir. 1985) (a court may overturn a Board decision if it was not supported by "substantial evidence"), *cert. denied,* 474 U.S. 1104, 106 S.Ct. 889 (1986). Plaintiff's challenge must be supported by cogent and clearly convincing evidence. *See Remy v. Air Force Bd. for Corr. of Military records,* 701 F. Supp. 1261, 1269 (E.D. Va. 1988)(citing *Wronke v. Marsh,* 787 F.2d 1569, 1576 (Fed. Cir. 1986).

Reviewing courts should not disturb the decision of an agency that has "examine[d] the relevant data and articulate[d] a satisfactory explanation for its action including a rational connection between the facts found and the choice made." *MD Pharmaceutical, Inc. v. Drug Enforcement Admin.,* 133 F.3d 8, 16 (D.C. Cir. 1998)(quoting *Motor Vehicle Mfrs. Ass'n v. State Farm Mut. Auto Ins. Co.,* 463 U.S. 29, 43 (1983)). A reviewing court will "uphold a decision of less than ideal clarity if the agency's path may reasonably be discerned." *Dickson v. Sec'y of Defense,* 68 F.3d 1396, 1404 (D.C. Cir. 1995)(quoting *Bowman Transp., Inc. v. Arkansas-Best Motor Freight Sys.,* 419 U.S. 281, 286 (1974)).

B.  Summary Judgment

Summary judgment is appropriate only if the record

6

shows that "there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." Fed. R. Civ. P. 56(c); *see also Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247-48 (1986); *Evans v. Techs. Applications & Serv., Co.*, 80 F.3d 954, 958-59 (4th Cir. 1996)(citations omitted). In reviewing the record on summary judgment, "the court must draw any inferences in the light most favorable to the non-movant" and "determine whether the record taken as a whole could lead a reasonable trier of fact to find for the non-movant." *Brock v. Entre Computer Ctrs.*, 933 F.2d 1253, 1259 (4th Cir. 1991)(citations omitted).

The very existence of a scintilla of evidence or of unsubstantiated conclusory allegations, however, is insufficient to avoid summary judgment. *Anderson*, 477 U.S. at 248-52. Rather, the Court must determine whether the record as a whole could lead a reasonable trier of fact to find for the non-movant. *Id.* at 248. Accordingly, for summary judgment to be appropriate in this case, the Court must determine that: (1) there is no dispute of material fact; and (2) the ABCMR decision was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

### III. Analysis

The dispute at issue hinges upon whether or not the August 31, 2006 ABCMR opinion was "based on erroneous

7

conclusions, improper authority, and disregards the National Guard position vacancy promotion process as well as the National Guard regulation governing that process." (Compl. at ¶ 15). Plaintiff alleges error on the grounds that the ABCMR opinion: (1) lists an inapplicable Army Regulation 135-155 as primary authority; (2) ignores applicable National Guard Regulation 600-100 and an Advisory Opinion issued by the National Guard Bureau; and (3) references the term "troop program unit," and cites a promotion standard of "best-qualified and geographically available," both of which are inapplicable to the National Guard. (Compl. at ¶ 16-18). Pursuant to the appropriate standard of review, this Court will first review the August 31, 2006 decision and determine what, if any, omissions or errors were made with respect to Plaintiff's motion for reconsideration. The Court will then decide if any such mistakes sufficiently render the decision arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law.

A.  Review of the ABCMR Opinion

It is important to first distinguish the governing regulations to the two types of promotions. Plaintiff correctly states that National Guard promotions made through the position vacancy process are governed by NGR 600-100, while promotions made by a mandatory review board are governed by AR 135-155. Furthermore, it is evident by an examination of the record that

Plaintiff's 2005 request for reconsideration was a clear and unambiguous request for consideration of the issues precluding *position vacancy promotion* in 2002, not the procedural issues that occurred after the 2003 Board certification.  While AR 135-155 did govern Plaintiff's actual promotion, the issues for reconsideration related only to loss of position vacancy promotion are governed by NGR 600-100.  Accordingly, Plaintiff would have a valid case for clear error if the ABCMR relied upon provisions unique to AR 135-155 in its denial of the requested rank adjustment by the position vacancy process.

   Upon review of the record, this Court finds that the ABCMR considered all relevant evidence, including the NGB Advisory Opinion and the various affidavits submitted by Plaintiff.  (A.R. at 6).  The fact that the ABCMR did not accept the advisory opinion's recommendation was not arbitrary and capricious, an abuse of discretion, or contrary to law.  However, close review of the ABCMR Opinion reveals several instances where the Opinion is unclear as to the applicable rules and regulations, as well as some semantic errors. First, in citing the inapplicable AR 135-155 regulation, the ABCMR included the terminology "troop program unit," and a promotion standard of "best-qualified and geographically available," which do not apply to position vacancy promotions.  However, the Opinion itself does not indicate that the ABCMR factored either of these terms into

its analysis, other than listing them alongside a description of AR 135-155.  Second, the ABCMR used the wrong terminology with respect to the approving body, stating that Plaintiff "provided no evidence or documentation that shows he would have been approved for promotion by a PVB [Promotion Vacancy Board]." (AR at 7).  Pursuant to the applicable regulation, NGR 600-100, FL ARNG promotions made by position vacancy appointments do not involve Promotion Vacancy Board ("PVB"), as required by Army Reserve regulations, but instead involve field grade boards ("FGB").  *Compare* AR 135-155 *with* NGR 600-100.

Such mistakes give the Court pause, but a review of the record shows them to be of no material consequence to the ABCMR's decision, which hinged not on an AR 135-155 specific rule, but on the speculative nature of Plaintiff's assertion that he "would have been approved" for promotion on July 21, 2002.  Regardless of which regulation is applied, the result is the same in this case.  Both the NGR and AR provisions require several procedural steps and final approval by a board prior to completion of the promotion, and the record is crystal clear that no actual attempt was made to take these steps and promote Plaintiff through the position vacancy process.  Plaintiff has provided affidavits of several superior officers indicating, in hindsight that he "would have" been approved on July 21, 2002, and based on this testimony, this Court agrees that in all probability, he would

have been.  Nonetheless, this Court also agrees with the ABCMR's decision that no matter how likely, because procedural steps were never taken, the promotion was not "certain."  Accordingly, this Court finds that the ABCMR's denial of reconsideration was not arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law, and will grant Defendants' motion for summary judgment on the administrative record.

### B.  Claim For Pay and Allowance for the Rank of Major

Defendants also move for summary judgment on Plaintiff's request to grant all lost pay, allowances, and benefits resulting from the compensation differences between the ranks of Captain and Major, commencing on or about July 21, 2006. It is well settled that one is not entitled to the benefit of a position until he has been duly appointed.  *U.S. v. Testan,* 424 U.S. 392, 402 (1976).  In this case, the Army has not yet selected or appointed Plaintiff to the rank of major, and once again there is no evidence that approval would be guaranteed. Furthermore, issues that were not raised before the ABCMR are not eligible for review by this Court.  *See, e.g., Doyle v. United States,* 599 F.2d 984, 1000 (Ct. Cl. 1979).  Accordingly, Defendants' motion for summary judgment will be granted with respect to this claim.

### IV. Conclusion

Upon review of the administrative record, this Court

11

concludes that the ABCMR's decision was not arbitrary capricious, an abuse of discretion, or otherwise not in accordance with law. This Court also finds that Plaintiff is precluded as a matter of law from asserting claims related to pay and benefits for a major.  Accordingly, Defendants' motion for summary judgment will be granted.  An appropriate Order will issue.


February 26, 2007                    _____/s/_____
Alexandria, Virginia                        James C. Cacheris
                                     UNITED STATES DISTRICT COURT JUDGE